JOHNSON, Judge.
Donald Palmer, Inc., plaintiff, filed this suit against the New Orleans Macaroni Manufacturing, Inc., defendant, to recover $886.21, the unpaid remainder on an open account, due for printing cellophane bags. After trial the First City Court of New Orleans rendered judgment on February 28, 1967, in favor of plaintiff and against defendant for $736.21, with interest, and ordered the plaintiff to print the “Enriched” clause on the bags still in defendant’s possession. The judgment dismissed defendant’s reconventional demand. From that judgment the defendant has appealed to this court and plaintiff has answered the appeal to have the judgment increased to the amount sued for and to have plaintiff relieved of the order to reprint certain bags.
The plaintiff manufactures and prints cellophane bags for commercial use. The *260 defendant manufactures and sells macaroni and spaghetti products. In its business defendant uses such bags of different sizes in great quantities for packaging its different brands.
The only witnesses to testify on the trial of this case were Donald Palmer, president and manager for plaintiff, and Joseph Riccobono, president and manager for the defendant. For several years the plaintiff has manufactured and printed many bags for the defendant in attractive colors and lettering for defendant’s various products. Defendant did not pay promptly and about February, 1966, there had accrued an unpaid remainder of the account in the sum of $1,691.31.
Both Mr. Palmer and Mr. Riccobono explained that in placing orders for large numbers of bags of different sizes and lettering for defendant’s products, the defendant would give detailed specifications for each type in a written requisition and would also furnish a sample bag of the type desired with each order. In addition to the name of the defendant and of the particular product for each particular bag there would be used language to indicate the grade of the flour in the product and on some bags there would be printed what is referred to as the “Enriched” clause which contained a brief description of the vitamins and other ingredients of the product in the bag. For some unexplained reason, plaintiff failed to print the “Enriched” clause on at least one type of bag on which it should have been printed. This situation resulted in considerable controversy between Mr. Palmer and Mr. Riccobono. Mr. Riccobono complained about the grade and weight of the bags, the grade of the printing and the failure to print. Mr. Palmer, of course, wanted payment. At this stage to induce payment, plaintiff made defendant several offers and propositions, all conditioned on defendant paying his account in full. In February, 1966, plaintiff offered to furnish, without cost, 20,000 of the “Kid” brand of macaroni bags if defendant would pay the full balance of $1,691.31. That offer not producing the money, plaintiff offered to let defendant discount certain invoices 25% and at one time he agreed to knock off $203.06, the cost of certain bags on hand. Evidently some payment was made somewhere along the line which paid up all of the invoices except six amounting to a total of $1,467.14, of which amount $644.42 represented bags which defendant had used of those six deliveries and $822.72 was the amount due for bags which defendant had not used and still had on hand. In their discussions about payment Mr. Palmer and Mr. Riccobono found by actual count that there were four types of bags on hand of a total of 86,000 bags. The sale price of those particular bags on hand was found to be $798.46 after deducting $24.26, which defendant complained was an error in price. From the $798.46 plaintiff offered to deduct $203.06, the price of 20,000 of the bags on hand, as plaintiff had agreed to furnish that many because of the error in printing, which left a balance due for bags on hand of $595.40.
Mr. Palmer testified that defendant agreed to pay $644.42 in two checks for the remainder due for bags which had been used and asked for more time in which to pay the $798.46 for the bags still on hand. The testimony is not entirely clear that plaintiff agreed to this extension of time at this conference but later defendant sent a check for $322.42 on June 6, 1966. In the meantime defendant wrote plaintiff asking what should be done with the bags on hand which defendant had not used. On July 12, 1966, the plaintiff wrote to defendant the following letter:
“With reference to the outstanding amount of $322.00; it will be satisfactory for you to hold the bags at your plant, in the hope that they can be utilized by you in the future. Anytime that we can re-print these bags for you, we will be glad to do so, provided that they can be used by you in your operations to good advantage. We will not pursue you in any way for the out *261 standing amount on the other bags, but will work closely with you, & your family in your endeavors in your macaroni business.
“It is good to know that you will work out this by submitting your kind check in the amount of $322.00, and you can count on us, always, to cooperate with you to the fullest extent.
On July 18, 1966, the defendant sent plaintiff a check for $322.00 and with the typewriter there was written on the lower left corner of the face of the check the words “Paid in full.” After entering credit of those two payments, the plaintiff filed suit on August 23, 1966, for the unpaid remainder of the account of $822.72, plus $63.49 for some plates which plaintiff had made with which to print certain of the bags for defendant, it being shown that defendant had furnished some of the plates but not all of those necessary for printing the bags. It is shown that the custom in the trade requires the customer to furnish the plates for such printing.
The plaintiff explains that the reason suit was filed so soon after writing the letter giving the defendant more time was that plaintiff had information that the defendant was about to sell his business and plaintiff evidently thought it advisable to proceed with suit on that account. Plaintiff further explains that the letter was not intended to be a release of the defendant for the unpaid remainder of its account; that plaintiff had for several years had extraordinary trouble in collecting from defendant; that practically every Saturday Mr. Palmer said he would go to defendant’s place of business to endeavor to work out a settlement with defendant, always without success, and what was meant by the language used in the letter was that Mr. Palmer would grant time in which to make payment of the balance without the frequent controversies about payment; that on some occasions in these conferences Mr. Riccobono would become very abusive toward Mr. Palmer and Mr. Palmer thought he would give defendant time and would not call on him every week to pay the balance, thinking Mr. Riccobono woud appreciate it. Mr. Palmer also testified that he did not see the check which came marked “Paid in full”; that it was deposited routinely by his bookkeeper; that it was nothing unusual for Mr. Ricco-bono to write “Paid in full” on his checks, a number of checks previously having had the same thing written on them.
Mr. Riccobono testified that the way he arrived at the full amount he should pay was by deducting the discount of $203.06, previously allowed by plaintiff, plus another deduction of $595.40 which he said Mr. Palmer had promised him. Mr. Palmer had never promised him a discount of $595.40 but did agree at one time to take off $203.06 for prompt payment which was not made.
We are convinced that defendant knew full well that the plaintiff did not intend that letter to be full release of the debt and that it was not in fact a release of “the outstanding amount on the other bags.” The defendant did not take advantage of the several propositions which plaintiff had offered to induce payment of the account in full. Mf. Palmer had never offered to relieve him of the entire $886.21 balance. There was never a meeting of the minds on any proposition for prompt payment and we do not interpret the letter to completely acquit defendant of the debt under these circumstances.
The defendant claims that he and plaintiff arrived at a compromise whereby the total debt would be settled for $644.42. This figure he said was determined by deducting from $1,467.14 (the total outstanding balance) these amounts: $24.26 to adjust an error in one invoice; one credit of $203.06 and another credit if $595.40 (without any explanation), and defendant paid the $644.42. Plaintiff did at one time agree to allow a credit of $203.06 but the plaintiff never at any time granted a reduction of $595.40. Evidently *262 the defendant picked that figure up from a memorandum made by Mr. Palmer when he was trying to work out something with defendant. They had determined that the price of the bags on hand was $798.46 and Mr. Palmer offered to allow a credit of $203.06 from that amount if defendant would pay $595.40, plus $644.42 for the bags used to close the account, but defendant did not agree to pay either amount. Defendant’s calculations by taking off the two deductions, totaling $798.46 is arbitrary, without reason or proof and cannot be allowed.
At one point in Mr. Riccobono’s testimony he said: “I paid him for all the bags I used and the only ones I have not paid for are in my warehouse.” The price of the bags in his warehouse was agreed to be $798.46 after allowing the $24.26, about which plaintiff has made no complaint. Therefore, the checks which made the total payment of $644.42, the last one of which was marked “Paid in full,” referred only to that portion of the account which that last check was liquidating — full payment for all of the bags used.
There was never any agreement or mutual understanding that the two payments made would be a full liquidation of the whole debt. The defendant was well informed and knew all the time that the propositions made by plaintiff were conditioned on full settlement at the time of the entire account. Acceptance of the check with the words “Paid in full” on it did not work a release unless plaintiff had knowledge that such notation was intended to pay all of the debt. There was no dispute about the correctness of the price of the bags used or of the amount due for the bags on hand. Mr. Palmer did not even know about the check being marked “Paid in full” until he saw it in court on the trial of this case. Defendant had made other checks the same way which meant nothing and if Mr. Palmer had known about this check he may have been justified in ignoring the notation. There was no discharge granted for the unpaid balance by the acceptance of the check under the particular facts.
On the merits of the claim, defendant contends that the bags cannot be used without the particular printing which was omitted. The testimony convinces us that the defendant did use some 150,000 bags of the same kind and in the same condition as the 86,000 still on hand. There are four groups of bags on hand 20,000 in each of three groups and 26,000 in another. Plaintiff printed as many as 50,000 in some of the groups and Mr. Palmer testified that all of the bags in any one group were printed exactly alike. The groups may be different but all of the bags printed under any one requisition were the same. Mr. Riccobono said he may have used some without the particular printing now complained about. Mr. Palmer testified that a great many of each order were used and the others can be used also. Be that as it may, the printing on some of them was not as ordered and the judgment of the trial court decreed that plaintiff should pick them up and print them correctly. The testimony shows that the desired printing can be done now as well as at the time the bags were on the press.
The trial court gave judgment of $736.21. The court gave no reason and it is not understood how that amount was arrived at. Plaintiff answered the appeal to have the judgment corrected by increasing the amount and we see no reason why the correction should not be made.
Therefore, the judgment appealed from is amended by increasing the amount awarded to $862.46, with legal interest thereon from date of judicial demand until paid. In all other respects the judgment of the trial court is affirmed, defendant to pay costs.
Amended and affirmed.